IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KOLE MICHAEL PARSONS,<br><br>Defendant. | CR-13-03-GF-DLC-RKS<br><br>**FINDINGS AND RECOMMENDATION TO REVOKED DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Mr. Parsons was accused of violating his conditions of his supervised release by consuming morphine and failing to complete a term at a prerelease facility. He admitted the violations. Mr. Parsons' supervised release should be revoked. He should be incarcerated for 6 months, with 30 months supervised release to follow.

## II. Status

Mr. Parsons plead guilty in 2013 to Burglary. Doc. 19. He was sentenced to 45 days imprisonment, with three years supervised release to follow. Doc. 29 at 4. A condition of supervised release required Mr. Parsons to reside in a residential re-

1

entry center for the first six months of his release.  He began that term at the Great Falls Pre-Release Center on September 10, 2013.

**Petition**

The United States Probation Office petitioned the court on October 24, 2013, to revoke Mr. Parsons' supervised release.  The petition alleged that Mr. Parsons violated two conditions of his supervised release.  It alleged he: 1) violated the Preamble to the Standard Conditions by possessing morphine, for which he tested positive in a random drug test; and 2) violated Special Condition #1 by failing to reside in a Residential Re-entry Facility and complete its programs, as Mr. Parsons lost eligibility to remain at the facility on October 22 after numerous violations of facility rules. Doc. 35 at 2.  Based on the petition, the undersigned issued a warrant for Mr. Parsons' arrest.  Doc. 34.

**Initial appearance**

Mr. Parsons was arrested on October 25, 2013.  Doc. 36.  He made an initial appearance before the undersigned the same day.  Doc. 37.   He was represented by retained counsel, Roberta Cross Guns.  Assistant United States Attorney Jessica Betley represented the United States.  Doc. 37.

The undersigned discussed the Findings and Recommendations procedure, explaining that a revocation hearing would be held and a recommendation

submitted to United States District Judge Dana L. Christensen. Mr. Parsons was instructed that Judge Christensen will determine whether to revoke his supervised release and, if so, what sanction to impose. Mr. Parsons was advised of his right to object to the recommendation before Judge Christensen makes those determinations. Doc. 37.

Mr. Parsons said he had read the petition and understood the allegations. Ms. Betley warned Mr. Parsons that he could be incarcerated for up to 24 months if his supervised release is revoked. Mr. Parsons waived his right to a preliminary hearing. Ms. Cross Guns said she and Mr. Parsons were ready to proceed to the revocation hearing, so the hearing commenced after a short recess. Doc. 37.

**Revocation hearing**

Mr. Parsons appeared at the revocation hearing before the undersigned with Ms. Cross Guns. Ms. Betley represented the United States.

Mr. Parsons admitted violating his conditions of supervised release, as alleged in the petition. The undersigned believes Mr. Parsons' admission establishes the violations, and that the violations warrant revocation of Mr. Parsons' supervised release.

Mr. Parsons' violation is Grade C. His criminal history category is I. His underlying conviction is for a Class C felony. Mr. Parsons could be ordered into

3

custody for up to 24 months.  The United States Sentencing Guidelines call for 3 to 9 months incarceration.  Mr. Parsons could be ordered to remain on supervised release for up to three years, less any custodial time imposed.  Ms. Betley and Ms. Cross Guns agreed with those calculations.

Ms. Cross Guns and Ms. Betley each presented arguments regarding the appropriate sanction.  Mr. Parsons was given the opportunity to allocute and made a brief statement to the court.

### III. Analysis

Mr. Parsons' supervised release should be revoked, as he admitted to significant violations of his supervised release shortly after the release period began. Mr. Parsons should be ordered to serve six months in prison.  A custodial term in the middle of the guideline range is appropriate: the violations did not directly endanger the community, but Mr. Parsons' ongoing non-compliance with the pre-release center's rules constitutes willful disobedience.

Mr. Parsons should be continued on supervised release on supervised for 30 months after his release.  Mr. Parsons appears to have serious substance abuse issues.  Supervision will give him a better chance of managing those issues, and will protect the community by preventing – or at least detecting – future substance abuse.  The District Court should maintain all those conditions previously imposed,

4

including a requirement that Mr. Parsons reside in a pre-release center for six months. Though Mr. Parsons failed to complete his term at the Great Falls Transition Center, the undersigned believes he can fulfill such a requirement if he appreciates the serious consequences of failure.

## IV. Conclusion

Mr. Parsons was advised that the above sentence would be recommended to Judge Christensen, who will decide an appropriate disposition. Mr. Parsons was reminded that he may object to the recommendation within 14 days of its issuance.

The court **FINDS:**

1. Mr. Parsons violated the Preamble to Standard Conditions of his supervised release by consuming morphine, which was detected in a urine sample he submitted October 6, 2013.

2. Mr. Parsons violated Special Condition #1 of his supervised release by failing to reside in a Residential Re-entry Center for six months and comply with the center's rules and regulations.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Mr. Parsons' supervised release and ordering him into the custody of the United States Bureau of Prisons for 6 months, with 30 months supervised release to follow.

2. The District Court should continue the standard and special conditions of supervised release previously imposed on Mr. Parsons, fully set

forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Dated the 29th day of October, 2013.

Keith Strong
United States Magistrate Judge