IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KOLE MICHAEL PARSONS,<br><br>Defendant. | CR 13-03–GF–DLC-RKS<br><br>ORDER<br><br>**FILED**<br><br>NOV 2 1 2013<br><br>Clerk, U.S. District Court<br>District Of Montana<br>Missoula |

This case was referred to United States Magistrate Judge Keith Strong for a revocation hearing and findings and recommendations. Judge Strong entered findings and recommendations on October 29, 2013. Defendant admitted he violated the conditions of his supervised release by consuming morphine and failing to complete a term at a prerelease center. Judge Strong found the admissions sufficient to establish the supervised release violations. He recommended that this Court revoke Defendant's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of imprisonment of 6 months, with 30 months supervised release to follow.

No objections were filed by either party. Judge Strong's findings and

recommendations are therefore reviewed for clear error. *McDonnell Douglas Corp. Commodore Bus. Mach, Inc.*, 656 F.2d 1309, 1319 (9th Cir. 1981).

This Court agrees with Judge Strong's findings. Defendant admitted that he violated the conditions of his supervised release. The United States Sentencing Guidelines call for 3 to 9 months imprisonment. A sentence of 6 months is appropriate because Mr. Parsons committed significant violations of the terms of his supervised release only a short time after his release period began. Mr. Parsons' ongoing non-compliance with the pre-release center's rules shows an determined unwillingness to abide by the court-ordered terms of his supervised release. In addition, 30 months of continued supervised release is appropriate to encourage Mr. Parsons to address his serious substance abuse issues.

The Court has read and considered the letters it has received from friends and family members of the Defendant. The letters collectively ask that Mr. Parsons be allowed to return to his family in Browning, rather than serve any term of imprisonment. Defendant was given a very light sentence for the crime he committed. By violating the terms of his supervised release, he has failed to take advantage of the Court's leniency. He must understand that there are serious consequences for failing to comply with the law and the terms of his supervised release.

The Court makes one change to Judge Strong's recommendations with regard to Mr. Parsons' conditions of supervised release, in particular, special condition number 5. During Mr. Parsons' period of supervised release, he shall submit his person, residence, place of employment, vehicles, and papers, to a search, with or without a warrant, by any probation officer *based on reasonable suspicion* of contraband or evidence in violation of a condition of release.

IT IS ORDERED that Judge Strong's Findings and Recommendations (Doc. 40) are ADOPTED in full, with the one change noted herein, and Judgment shall be entered accordingly.

Dated this __21 st__ day of November, 2013.

Dana L. Christensen, Chief Judge
United States District Court